UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY J. DANIELS,<br><br>        Plaintiff,<br><br>        v.<br><br>L.A. COUNTY SHERIFF'S K-9 UNIT, et al.,<br><br>        Defendants. | Case No. CV 10-3730-PA (SP)<br><br>MEMORANDUM AND ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE |

## I.

## **PROCEEDINGS**

On May 25, 2010, pro se plaintiff Kelly J. Daniels filed a civil rights complaint in this Court against the Los Angeles County Sheriff's Department, its K-9 Unit, and various Sheriff's deputies. Plaintiff alleges that deputies wrongfully released a K-9 dog on him when he was "standing dead still, with both arms raised above his head, and [he] was not running." Second Amended Complaint at 3. Plaintiff accuses some of the deputies of not preventing the dog from attacking him, and accuses another of choking him because another deputy was injured when the dog attacked plaintiff. *Id.* at 3-5.

Plaintiff filed a First Amended Complaint, which the court dismissed with leave to amend. On January 23, 2012, plaintiff filed a Second Amended Complaint ("SAC"), apparently only maintaining the action against the individual Sheriff's deputies. On

February 8, 2012, defendants filed a Motion to Dismiss the SAC. On July 10, 2012, the court denied defendants' motion to dismiss and ordered them to answer, which defendants did on July 23, 2012.

On July 31, 2012, the Court issued a Case Management and Scheduling Order, which required, inter alia, each party to file a status report by no later than December 21, 2012. That deadline was subsequently extended to January 18, 2013. Defendants filed their status report by the deadline, but plaintiff did not. Accordingly, on February 6, 2013, the Court issued an Order to Show Cause ("OSC"), ordering plaintiff to submit the required status report by February 20, 2013, and to show cause by that date why sanctions should not be imposed. Plaintiff did not respond to this OSC.

On February 22, 2013, defendants filed a Motion to Compel Plaintiff to Answer Interrogatories and Produce Documents. In the motion to compel, defendants showed that plaintiff completely failed to provide any responses to defendants' discovery requests, and did not respond to defendants' efforts to meet and confer. The Court set a briefing schedule on the motion to compel, requiring plaintiff to respond by March 18, 2013. After plaintiff failed to respond to the motion to compel, on March 29, 2013, the Court granted defendants' motion to compel. In granting the motion to compel, the Court cautioned plaintiff that failure to respond to the outstanding discovery requests by April 18, 2013 could result in dismissal of the case for failure to prosecute or failure to comply with a court order. The Court has no information regarding whether plaintiff complied with that order.

Also on March 29, 2013, the Court – still having received no status report or response to the February 6, 2013 OSC from plaintiff – issued another OSC, ordering plaintiff to show cause by April 12, 2013 why this action should not be dismissed for failure to prosecute and/or comply with a court order. The Court explicitly warned plaintiff that failure to timely respond to the OSC will be deemed a consent to dismissal of the action, and the case may be dismissed for failure to prosecute and/or failure to comply with a court order.

Plaintiff failed to respond to the March 29, 2013 OSC by April 12, 2013 as ordered. The Court has not received any response or other communication from plaintiff since November 6, 2012, when plaintiff filed a motion for appointment of counsel (which the Court denied without prejudice).

## II.

## DISCUSSION

Plaintiff has failed to comply with at least three court orders: (1) the July 31, 2012 Case Management and Scheduling Order; (2) the February 6, 2013 OSC; and (3) the March 29, 2013 OSC. Plaintiff's failure to comply with these court orders, his initial refusal to engage in the discovery process (which may or may not have persisted), and his utter lack of communication with the Court since November 2012, even after the Court issued two OSCs, evidence a lack of prosecution on his part.

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (weighing factors); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court).

In *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988), the Ninth Circuit affirmed the district court's dismissal of a case for failure to prosecute. The Ninth Circuit cited the following factors as relevant to the district court's determination of whether dismissal of a pro se plaintiff's action for failure to prosecute is warranted: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.'" *Id.* at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In this case, plaintiff has failed to comply with (or even respond to) two OSCs from the Court, as well as the Court's Case Management and Scheduling Order. Plaintiff's failure to follow the Court's orders and to prosecute his case has caused this action to languish, impermissibly allowing plaintiff to control the pace of the docket rather than the Court. *See Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). Plaintiff's conduct indicates that he does not intend to litigate this action diligently, or at all. Thus, the first and second factors weigh in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").

A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Here, there is no evidence to rebut that presumption. Additionally, where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing parties is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991-92. Here, plaintiff has not offered any excuse for his failure to comply with the Court's OSCs or the Court's Case Management and Scheduling Order. Further, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 643 (citing *Sibron v. New York*, 392 U.S. 40, 57, 88 S. Ct. 1889, 20 L. Ed. 2d 917 (1968)). Thus, the third factor also weighs in favor of dismissal.

It is a plaintiff's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). By failing to respond to the Court's OSCs and Case Management and Scheduling Order, plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to comply with court orders or move the case forward.

The fifth factor, the availability of less drastic sanctions, ordinarily counsels

4

against dismissal. "Alternative sanctions include: a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, . . . dismissal of the suit unless new counsel is secured [,] . . . preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel . . . ." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 n.1 (9th Cir. 1987) (citation and internal quotation omitted). In the instant case, however, each of these possibilities is either inappropriate for a pro se litigant proceeding in forma pauperis or has already been employed with no apparent effect.

The Court attempted to avoid dismissal by: (1) after plaintiff failed to file a status report as ordered, issuing an OSC on February 6, 2012, giving plaintiff more time to file a status report and an opportunity to respond before sanctions might be imposed; (2) after plaintiff still failed to file a status report or respond to the February 6, 2013 OSC by the deadline, issuing another OSC on March 29, 2013 in which the Court warned plaintiff that failure to file a response by April 12, 2013 may result in the dismissal of the action without prejudice; and (3) waiting more than three weeks beyond the April 12, 2013 deadline before issuing this order. All of these actions by the Court took place after plaintiff was in noncompliance with a court order. *See Pagtalunan*, 291 F.3d at 643 & n.4 (citing *Yourish*, 191 F.3d at 992, for the proposition that pursuit of less drastic alternatives prior to a party's noncompliance with court order will not satisfy factor, despite implied holdings of earlier cases). Plaintiff has not communicated with the Court in any fashion since November 6, 2012. Further, dismissal without prejudice is less drastic than dismissal with prejudice. As there appears to be no less drastic sanction than dismissal without prejudice now available, the fifth factor weighs in favor of dismissal.

Based on the foregoing, dismissal of this action without prejudice is warranted for failure to prosecute and to obey court orders.

///

///

## III.

## **ORDER**

IT IS THEREFORE ORDERED that Judgment shall be entered dismissing this action without prejudice.

DATED: May 14, 2013

_____
HONORABLE PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE